FILED
2017 Apr-04  PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES IN DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LADAWNA FISHER** | ) | |
| **Plaintiff,** | | **CIVIL ACTION NO.** |
| | ) | |
| **vs.** | | |
| | ) | |
| **PROFESSIONAL** | | |
| **TRANSPORTATION, INC.,** | | **JURY TRIAL REQUESTED** |
| **Defendant.** | ) | |

## COMPLAINT

**PRELIMINARY STATEMENT**

1.        This action arises under the provisions of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Right Act of 1991. Plaintiff, LaDawna Fisher, (hereinafter " Fisher") is a practicing member of the Seventh Day Adventist faith, wherein her Sabbath is from sundown on Friday nights until sundown on Saturday nights. At all times relevant to this cause of action her employer and their managing agents were aware of her religious belief. Fisher  alleges that the Defendant, Professional Transportation, Inc. (hereinafter "PTI") has discriminated against her based upon her religion and  terminated her employment in retaliation for her opposing and reporting discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended which protects employees from religious discrimination. The Plaintiff seeks back pay, front pay, compensatory and punitive

damages declaratory, injunctive and other relief to redress a deprivation by PTI of Fisher's right to be free of discriminatory employment practices on the basis of religion which protects individuals from being retaliated  against for opposing religious discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, the Civil Right Act of 1991 and Section 704 (a) which proscribes retaliation in violation of Title VII, religion and  retaliation, including retaliatory discharge, and to secure the protection of, and to redress the deprivation of rights secured by Title VII, the Civil Rights Act of 1964 as amended, and the Civil Right Act of 1991.

**JURISDICTION AND VENUE**

**2.**  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§2201 and 2202.

**3.**  The unlawful employment practices alleged herein were committed and are being committed by the Defendant within the State of Alabama, Jefferson County.

**I.      ADMINISTRATIVE EXHAUSTION**

**4.**  Plaintiff filed her individual EEOC charge and amended EEOC charge (Charge Number 420-2016-03404) alleging retaliation within 180 days of the occurrence of the unlawful employment practice(s) which plaintiff complains of herein against the Defendant.

**5.**  An authorization to file suit was issued by the EEOC and received by

Plaintiff not more than ninety (90) days prior to the commencement of this action.

## II.    PARTIES

**6.** Plaintiff, LaDawna Fisher, is a female and citizen of the United States and a resident of the State of Alabama.  LaDawna Fisher is a person aggrieved as defined by statute.

**7.** Defendant, Professional Transportation, Inc., is a corporation doing business in the State of Alabama, Jefferson County. At all times relevant to this cause of action, the Defendant, PTI, was the employer of the Plaintiff,  Fisher from 2013 until her retaliatory discharge in 2016. As a result of the action taken by Defendant, PTI,  Fisher was subjected to an adverse employment action, retaliatory discharge.

## III.   STATEMENT OF FACTS

8.  Plaintiff  is over the age of 21, a single mother, and a practicing member of the Seventh Day Adventist Church.  Plaintiff has been a Seventh Day Adventist since her baptism in 2009. Plaintiff was raised in the church community since she was a child. One of the tenets of her faith is that they do not work on Sabbath which is recognized on sundown Friday to sundown Saturday.

9.  Based upon Plaintiff's faith and belief, they are not allowed to do any work from sundown on Friday until sundown Saturday.  During this period, practitioners

are not to watch T.V., listen to the radio, or do any the worldly things other than focus on their relationship with God including not doing any work!

10. Plaintiff was first employed with the defendant as a driver in Nashville in December 2012.  Plaintiff's job required her to check in early in the mornings to pick-up and deliver employees of the Railroad to different locations around the southeast, both inside and outside of Alabama.  Plaintiff is generally on call for 12 hours or works 12-hour shifts.  However, if she does not transport a team or get a run, plaintiff does not receive compensation although she remains on call.

11. Prior to transferring to Birmingham, Plaintiff did not have to work on Saturdays.  When Plaintiff moved to Birmingham, her schedule allowed her to take Saturday and Tuesdays off as she had previously requested and had been approved to do based upon her religious faith.

12. When Fisher initially negotiated her  transfer to Birmingham, she informed the Birmingham station manager of her religious beliefs and asked to continue the same work scheduled because of  her religious beliefs and the fact that she was a single parent of one son and one daughter.  Plaintiff's request was  granted and plaintiff agreed to relocate to Birmingham.

13. Once Plaintiff was in Birmingham, plaintiff was given  a schedule which gave her Saturday's and Tuesday's off and her shift was from 4 am to 4 pm which allowed her time in the evenings and at night with her children.

4

14. On August 19, 2016, Fisher  was told that her schedule would be changed and that she would no longer be allowed to have her Sabbath days off so that she could continue practicing her religious faith .  Upon information and belief, Fisher has been discriminated against because of her religion, Seventh Day Adventist in violation of Title VII of the Civil Rights Act of 1964, as amended.  The station manager and other management personnel were well aware of plaintiff's religious beliefs.  However, the respondent refused to accommodate plaintiff's religious beliefs by allowing her to maintain her schedule with Saturday's and Tuesday's off.

15. Moreover, after Fisher complained to management about working on Saturdays, Bennie Williams, the General Manager retaliated against her by making her work a night shift, while knowing that she had two small children at home! Based upon the night shift schedule, plaintiff would **RARELY** get to see her children.  Williams **said** to Fisher that, " **had plaintiff not complained**, **she may have been able to keep her day schedule."**   Since Fisher complained to management about religious discrimination, the number of  her deliveries or runs per night has been reduced to one so that her pay has been substantially less than it was before she complained about religious discrimination.

16. Upon information and belief, plaintiff has been retaliated against for opposing employment actions which are in violation of Title VII pursuant to §

704(a) of Title VII of the Civil Rights Act of 1964, as amended, and the CRA of 1991.

17.  Additionally, and upon information and belief, plaintiff was paid less than similarly situated male employees for the same or similar work in violation of the Equal Pay Act of 1963.

18. Plaintiff filed her initial EEOC Charge of Discrimination on September 7, 2016. By September 21, 2016 Fisher  was completely suspended and taken off the schedule with 'NO" income. Prior to the charge of discrimination being filed Fisher had not received any disciplinary actions or write ups. Fisher filed an amended EEOC charge of retaliation on October 11, 2016 alleging retaliation and retaliatory discharge.

19. The defendant has discriminated against Fisher because of her  religion, Seventh Day Adventist in violation of Title VII of the Civil Rights Act of 1964, as amended; retaliated against her  for opposing religious discrimination in violation of Title VII pursuant to § 704(a).

20. Since the filing of Fisher's charge of religious discrimination, she has had several conversations with her managers and Human Resources concerning her charge of religious discrimination

21. Fisher  was told by management that her charges were not true and that instead of filing a charge of discrimination, she had to go through the union. On

October 11, 2016, Fisher filed her Amended EEOC Charge of discrimination and retaliation against the defendant.

22. Since Fisher's filing of her initial EEOC Charge on **September 7, 2016**, her work hours were reduced and on **September 21, 2016** Fisher's employment was suspended and she is no longer on the schedule to drive and do pick-ups.

23. Upon information and belief, plaintiff has been discriminated against because of her religion and retaliated against for her opposition to religious discrimination and her participation in filing an EEOC charge of religious discrimination.

## <u>COUNT ONE: RELEGIOUS DISCRIMINATION</u>

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

25. At all times relevant Fisher was and is a practicing Seventh Day Adventist and her employer, including the defendant's supervising and managing agents, were aware of Fisher's religious practices and beliefs.

26. The defendant discriminated against Fisher in that after they were mad aware of her religious beliefs and agreeing prior to her transfer that they would not change her schedule, the defendant altered Fisher's schedule in such a way that she no longer had her Sabbath off which violated her known religious beliefs.

7

27. Upon information and belief, Fisher has been discriminated against because of her religion, Seventh Day Adventist in violation of Title VII of the Civil Rights Act of 1964, as amended, The Civil Rights Act of 1991.

28. Fisher is now suffering and will continue to suffer irreparable harm and injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court. The Plaintiff has no plain, adequate or complete remedy at law to redress these wrongs. The wrongs alleged herein and this suit for back pay, compensatory and punitive damages, injunctive relief and declaratory judgment is Plaintiff's only means of securing adequate relief.

29. This malicious, reckless and willful discrimination on the part of the defendant constitutes a violation of the plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

## COUNT TWO: RETALIATION §704 (a) TITLE VII

30. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

31. Plaintiff engaged in activity protected under Title VII when she made a formal complaint of unfair treatment to Human Resources for PTI on June 6, 2013 and also when she filed her EEOC charge on September 7, 2017. Three (3) weeks or twenty-one (21) days after the initial filing of Fisher's EEOC charge her employment was terminated in retaliation for her participating in protected activity

8

and Fisher suffered an adverse employment action as a result of her protected activity.

32. Plaintiff had never received any prior write up and or disciplinary action of any kind prior to PIP she received from  Patterson for complaining of unfair treatment.

33. Plaintiff's employment was terminated in retaliation for her having complained of discrimination based on religion in violation of Title VII of the Civil Rights Act of 1964, as amended.

34. As a consequence and effect of Defendant's unlawful conduct and practices,  the Plaintiff has been and is deprived of employment, income, benefits and other terms and conditions of employment.

35.  Plaintiff has further suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of Defendant's unlawful discriminatory conduct.

36. Defendant engaged in the discriminatory practices complained of herein with malice and/or with reckless indifference to the Plaintiff's federally protected rights.

37. The Plaintiff has no plain, adequate or complete remedy at law to redress

The wrongs alleged herein and this suit for back pay, compensatory and punitive damages, injunctive relief and declaratory judgment is Plaintiff's only means of securing adequate relief.

38. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and procedures as set forth herein unless enjoined by this Court.

## I.    STATE LAW CLAIMS

### A. COUNT I

### NEGLIGENT AND/OR MALCICOUS RETENTION, SUPERVISION AND TRAINING

39.    The Plaintiff re-alleges and incorporates by reference paragraphs 1-38 above with the same force and effect as if fully set out in specific detail herein below.

40.    This is a claim arising under the law of the State of Alabama to redress Defendant's negligent and/or malicious retention, training and supervision of  Bennie Williams and other supervising or managerial agents of the defendant.

41.    By failing to have and/or to enforce a religious discrimination policy and by failing to prevent religious discrimination and retaliation, including retaliatory discharge  Defendant negligently and/or maliciously failed to train Bennie Williams and other supervisory and managerial employees.

42.     Furthermore, Defendant's failure to train its employees on the subject of religious discrimination and retaliation proximately caused the retaliation complained of and the retaliatory termination of  Plaintiff's employment.

43.     Defendant negligently and/or maliciously failed to train Bennie Williams and other supervisory and managerial agents of defendant after receiving actual notice of Fisher's EEOC Charge of religious discrimination and retaliation.

44.   Defendant's harassment of Plaintiff and Defendant's retaliation against her caused Plaintiff great emotional distress and trauma, for which she seeks compensatory and punitive damages against Defendant.

## II.     <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** the Plaintiff respectfully prays that this Court will assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the action of Defendant described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII,

2. Grant the Plaintiff a permanent injunction enjoining Defendant, their agents, successors, employees, attorneys and those acting in concert with this Defendant and on this Defendant's behalf from continuing to violate Title VII;

3. Issue an injunction ordering this Defendant: (1) not to engage in sexual

harassment, sexually hostile working environments or retaliation; (2) ordering Defendant to establish written policies and procedures against discriminatory conduct; (3) and to establish a grievance procedure for reporting such conduct;

4.  Grant the Plaintiff an Order requiring the Defendant to make the Plaintiff whole by awarding Plaintiff back pay (plus interest) and by awarding Plaintiff compensatory, punitive, liquidated, and/or nominal damages.

5.  The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

RESPECTFULLY SUBMITTED,

_____
BYRON R. PERKINS (ASB-0183-n75b)
Attorney for Plaintiff

**OF COUNSEL:**
**PERKINS-LAW, LLC**
2170 Highland Avenue South, Suite 100
Birmingham, Alabama 35205
Phone: 205-558-4696
bperkins@perkins-law.com

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL**

**PROFESSIONAL TRANSPORTATION, INC.**
**NATIONAL REGISTERED AGENTS, Registered Agent**
**2 North Jackson Street, Suite 605**
**Montgomery, Alabama  36104**